# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

HOLLAND D. LANE and wife,           )
CYNTHIA LANE; BOBBY JO KNIGHT )
and KAY GRIMES,                     )
                                    )
      Plaintiffs/Appellants,       )  Cheatham Chancery No. 8595
                                    )
VS.                                 )  Appeal No. 01A01-9708-CH-00449
                                    )
WILLIE LEE BARR and wife,           )
DOROTHY SUE BARR, individually      )
and d/b/a BARR TIRE COMPANY,        )
CHEATHAM COUNTY, TENNESSEE,         )
R. D. HUFFINES, CHEATHAM            )
COUNTY BUILDING COMMISSIONER, )
in his official capacity,           )
                                    )
      Defendants/Appellees.        )

> **FILED**
>
> **June 5, 1998**
>
> **Cecil W. Crowson**
> **Appellate Court Clerk**

## APPEAL FROM THE CHANCERY COURT OF CHEATHAM COUNTY
## AT ASHLAND CITY, TENNESSEE
## THE HONORABLE ALLEN W. WALLACE, CHANCELLOR

**JERRY W. HAMLIN**
Ashland City, Tennessee
Attorney for Appellants

**JOE F. GILLESPIE, JR.**
Joelton, Tennessee
Attorney for Appellees

**AFFIRMED**

                                                **ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**
      Plaintiffs/Appellants, Holland D. Lane, Cynthia Lane, Bobby Joe Knight, and Kay

Grimes, appeal the judgment of the trial court dismissing their complaint, finding that appellants lacked standing to bring an action under Tenn. Code Ann. § 13-7-208(a)(2) and that the use of their land by defendants/appellees, Willie and Dorothy Barr, as a tire landfill was a prior non-conforming use. For reasons stated hereinafter, we affirm the decision of the trial court.

The Barrs are owners of three tracts of property designated in Cheatham County, Tennessee, as Map 53, Parcels 102.01, 102.04, and 22.01. These three parcels of land were purchased by the Barrs between July of 1973 and the end of 1975. In June of 1973, Cheatham County passed a comprehensive zoning ordinance. Over the years, the zoning plan was amended several times. A comprehensive zoning plan was in effect at the time the Barrs purchased each tract of land in question.

At the time of trial, Willie Barr had been in the tire disposal business for 34 years. Since 1971, he has disposed of tires on the property mentioned *supra*. Because of this, the Barrs contend that their use of the property in question as a tire landfill prior to June of 1973 entitles them to continue these practices under the concept of prior non-conforming use as set forth in Tenn. Code Ann. § 13-7-208(b). It is sharply disputed which parcels were originally used for tire disposal prior to the implementation of Cheatham County's comprehensive zoning ordinance. The Barrs maintain that they used the majority of parcel 102.04 and small portions of parcels 102.01 and 22.01. Appellants, on the other hand, contend that the Barrs' use of the land should not qualify as a prior non-conforming use because the use of the parcels as a tire landfill was never legal prior to the implementation of the Cheatham County comprehensive zoning ordinance. Alternatively, appellants insist that even if the Barrs' use of the land is a prior non-conforming one, this use was limited to parcel 102.04. As such, appellants maintain that the Planning Commission and the Board of Zoning Appeals' decision to consider the Barrs' tire landfill as a prior non-conforming use applies only to parcel 102.04 to the exclusion of parcels 102.01 and 22.01.

2

The Barrs were in the process of obtaining a landfill permit from the state of Tennessee when, in 1992, they requested a rezoning of approximately 20 acres of their property. In the Barrs' application for rezoning, only parcel 102.04 was listed for consideration. However, a map, as shown in exhibit 3, accompanied the application. This map depicted portions of all three parcels. The Planning Commission and Board of Zoning Appeals declared the use of the area as a tire landfill to be a prior non-conforming use and found rezoning to be unnecessary. There is some dispute as to whether the Planning Commission and Board of Zoning Appeals considered only parcel 102.04 when they declared the use of the property as a tire landfill to be a prior non-conforming use or whether they considered the area encompassing portions of all three parcels as evidenced by the map presented at the meetings.

After the Planning Commission and Board of Zoning Appeals declared that the property was a prior non-conforming use and after the Barrs spent approximately $360,000 to meet state requirements for a tire disposal landfill, the state was forthcoming with the Barrs' permit to operate their tire landfill.

This cause originated in the Chancery Court for Cheatham County, Tennessee, at Ashland City upon the original complaint of the Lanes in which they alleged the Barrs had violated certain zoning ordinances adopted by Cheatham County, Tennessee. Appellants, Kay Grimes and Bobby Joe Knight, were joined as parties after commencement of the lawsuit.

The Lanes live across the street from the Barrs property. At trial, Holland Lane did not testify, but his wife Cynthia Lane chose to do so. She admitted that they did not possess a deed or any writing to manifest ownership of the property they lived on, but she insisted that they had an oral agreement with Bobby Joe Knight to purchase the land.

Kay Grimes lives across the street from the Barrs, approximately an eighth of a mile away. She and her husband are listed on the deed as owners of the property where they

live.  Mr. Grimes did not intervene in this lawsuit.

Bobby Joe Knight testified at trial that "Bobby Joe Knight, Trustee" was the name listed on the deed as the owner of the land on which the Lanes resided.  His testimony is somewhat unclear, however, concerning for whom he is holding the land in trust.  At one point during his testimony, Knight stated that he held the land in a living trust for himself.  Knight, however, seemed to contradict this statement when he testified that the land belonged to the Lanes.

This matter was heard in the Chancery Court on April 21, 1997.  At the conclusion of the  appellants' case-in-chief the Chancellor dismissed the complaint upon the motion of the Barrs, reasoning not only that the appellants lacked standing  but also that the Barrs' use of the land in question qualified as a prior non-conforming use under Tenn. Code Ann. § 13-7-208(b).  This appeal ensued.

## STANDING

As mentioned *supra*, the trial court dismissed this matter on grounds of standing. The trial court reasoned that neither the Lanes, Kay Grimes, nor Bobby Joe Knight had standing to bring this lawsuit under Tenn. Code Ann. § 13-7-208(a)(2).

Tenn. Code Ann. § 13-7-208(a)(2) provides:

> (a)(2) In case any building or structure is or is proposed to be erected, constructed, reconstructed, altered, converted or maintained, or any building, structure or land is or is proposed to be used in violation of any ordinance enacted under this part and part 3 of this chapter, the building commissioner, municipal counsel or other appropriate authority of the municipality, or any *adjacent or neighboring property owner* who would be specially damaged by such violation, may, in addition to other remedies, institute injunction, mandamus or other appropriate action or proceeding to prevent such unlawful erection, construction, reconstruction, alteration, conversion, maintenance or use, or to correct or abate such violation, or to prevent the occupancy of the building, structure or land.

Tenn. Code Ann. § 13-7-208(a)(2)(Supp. 1997)(emphasis added).

4

The trial court provided in pertinent part:

> First off, the Lanes have no standing in this court. There is no question about that. That's clear. The only statute I can find, it says, "adjacent or neighboring property owners." They're not either.
>
> Mr. Bobby Joe Knight, obviously, from what's before the Court is there's an indispensable party out there somewhere, because he only owns that property as a trustee. I don't know who he holds it for, but he holds it as a trustee. So obviously, there's an indispensable party out there somewhere.
>
> Now, Mrs. Kay Grimes, on the other hand, does have an interest in property. She's an intervening party, but she has an interest in the property along with her husband. So I think that definitely she will be an adjacent and neighboring property owner.
>
> But what does Mrs. Grimes say? "I just don't want it out there." You know, "I just don't want it." No damages. It's not bothering her. "I just don't want it." That's all she says.
>
> We've got to have more than that. So on those issues, I would find for the defendants, . . .

Undoubtedly, the Lanes have no standing to bring this lawsuit. They are not "adjacent or neighboring property owners." The proof in the record only evinces a possible oral agreement between the Lanes and Bobby Joe Knight for the Lanes' right to purchase the property in the future. Indeed, they are not listed on the deed as the owners.

Kay Grimes, on the other hand, is truly a property owner. She owns her property not solely but as a tenant by entirety with her husband, Lawrence Grimes. In their brief, the Barrs argue that Grimes' husband, as a tenant by the entirety, is an indispensable party in this matter. This issue is not extensively briefed, and we are cited to no authority which holds that both tenants by the entirety are required to join as plaintiffs when the lawsuit does not directly concern their property. In this case, the Grimes' property is not the focal point of the dispute. It is the Barrs' adjacent piece of property which is the focal point of the dispute. Grimes contends that she has suffered a loss in value because of the Barrs' tire landfill.

Moreover, the trial court held that Grimes had no standing in this matter because

she alleged no specific damages to her property. However, in her motion to intervene, Grimes stated that the tire landfill "would affect not only the value of her property, but also her peace and enjoyment of her property." It is the opinion of this court that Kay Grimes was properly before the trial court in this matter.

"Bobby Joe Knight, Trustee," is the name listed on the deed to the property where the Lanes reside. However, Bobby Joe Knight intervened in this matter in his personal capacity and not as trustee of the property. The Barrs contend that a trustee can bring a suit for a beneficiary but insist that Knight did not bring this suit as trustee. We are of the opinion that under these facts Bobby Joe Knight and Bobby Joe Knight, Trustee, are one and the same. As such, it is not fatal to Knight's standing that he intervened in his personal capacity and not as trustee.

As mentioned above, the trial court found that the beneficiary of this trust was undetermined and an indispensable party to this action. The trial court cited no legal authority for its position nor the specific facts upon which it based that ruling. This is a case in which the trust property is not at the center of the dispute. This is not an action to terminate a trust or to modify a trust. This action has no interaction with the trust itself. This is merely an action by a trustee to protect the *res* of the trust. We find that the beneficiary of Knight's trust is not a necessary party to this action. Consequently, Knight was properly before the trial court.

### PRIOR NON-CONFORMING USE

The trial court further disposed of this matter by holding that the Barrs' use of their property as a tire landfill was a prior non-conforming use and, as such, could be continued without rezoning. Tenn. Code Ann. § 13-7-208(b) provides:

> (b) In the event that a zoning change occurs in any land area where such land area was not previously covered by any zoning restrictions of any governmental agency of this state or its political subdivisions, or where such land area is covered by zoning restrictions of a governmental agency of this state or its political subdivisions, and such zoning restrictions differ from zoning restrictions imposed after the zoning change, then any industrial, commercial or business establishment in operation,

6

permitted to operate under zoning regulations or exceptions thereto prior to the zoning change shall be allowed to continue in operation and be permitted; provided, that no change in the use of the land is undertaken by such industry or business.

Specifically, the trial court stated:

It's no question that even before the first code in this county, they were burying tires out there.

What the Board heard here was what's on Exhibit 3. I'm not going to limit them out there. . . [t]hat whole area was there. It was before the Board. All three pieces of property were before the Board. They say, "Well, we're not using anything," but it was all before the Board. They passed on it. They said, "Well, it's all non-conforming uses."

Appellants contend that the Barrs' use of the land is not a prior non-conforming use and, alternatively, that if the Barrs' tire landfill is a prior non-conforming use, it is only applicable to parcel 102.04.

After a careful review of the record before us, we find that there is sufficient proof in the record to support the trial court's finding that the Barrs were using parcels other than 102.04 in their tire disposal business. Barr testified that he was using property other than parcel 102.04 in 1971, at least two years before Cheatham County's first comprehensive zoning ordinance came into being. Consequently, the use of a tire landfill on this land comes within the scope of Tenn. Code Ann. § 13-7-208(b) as a prior non-conforming use. Although the Barrs' application for rezoning listed only parcel 102.04 in consideration for rezoning, the accompanying map depicted portions of all three parcels. This map was presented to the Planning Commission, Board of Zoning Appeals, and the state of Tennessee, and ultimately, the state of Tennessee granted the Barrs' application for a landfill permit for the area illustrated on the map.

Based upon exhibit 3, the testimony of Willie Barr, and the testimony of R.D. Huffines, we are of the opinion that the evidence does not preponderate against the trial court's finding that the Barrs' use of the acreage depicted in exhibit 3 qualified as a prior non-conforming use.

7

Accordingly, we affirm the judgment of the trial court dismissing the complaint of appellants.  Costs are taxed to appellants, for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

_____
FARMER, J.

_____
LILLARD, J.

8